
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 17 2011

BROOKLYN OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

NELLA MANKO,

        Plaintiff,

    -against-

MARSHA L. STEINHARDT, individually
and in her official capacity as Judge
of the Supreme Court of Kings County;
FITZSIMMONS, individually and in his
official capacity as Clerk of the
Supreme Court of Kings County; WARREN
GLASER, individually and in his
official capacity as a Law Secretary
of the Supreme Court of Kings County;
EILEEN MCLOUGHLIN, individually and
in her official capacity as Court
Reporter of the Supreme Court of
Kings County; KINGS COUNTY SUPREME
COURT OF THE STATE OF NEW YORK;
ADMINISTRATIVE JUDGE, individually
and in her/his official capacity as
Administrative Justice of the Supreme
Court of Kings County; and KINGS
COUNTY CLERK'S OFFICE,

        Defendants.

**MEMORANDUM
AND ORDER
11-CV-5103(KAM)(LB)**

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

    *Pro se* plaintiff Nella Manko ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Marsha L. Steinhardt, individually and in her official capacity as Judge of the Supreme Court of Kings County;

1

Fitzsimmons,[1] "individually and in his official capacity as Clerk of the Supreme Court of Kings County"; Warren Glaser, individually and in his official capacity as a Law Secretary of the Supreme Court of Kings County; Eileen McLoughlin, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County; the Kings County Supreme Court of the State of New York; a person referred to as "Administrative Judge," individually and in her/his official capacity as Administrative Justice of the Supreme Court of Kings County; and the Kings County Clerk's Office (collectively "defendants") violated her constitutional rights during the course of her state court medical malpractice action, Kings County Supreme Court Index Number 30972/2004 (the "state court action"). (*See generally* ECF No. 1, Complaint ("Compl.").) Plaintiff seeks an injunction ordering Judge Steinhardt's recusal in the state court action; reversal, annulment and vacatur of the state court's orders in the state court action; and compensatory and punitive damages. (Compl. at ¶¶ 49-53.)

Presently before the court is plaintiff's request to proceed *in forma pauperis*. (ECF No. 2, Application to Proceed in District Court Without Prepaying Fees or Costs ("Pl.'s

---

[1] Plaintiff provides only the surname for this individual.

App.").) For the reasons set forth below, the court denies plaintiff's application.

## I. Motion to Proceed *In Forma Pauperis*

The filing fee to commence a civil action in this court is $350. See 28 U.S.C. § 1914(a). The court may waive the filing fee for any person who submits an affidavit establishing her indigency and inability to pay the required fee. *See id.* § 1915.

In her application to proceed *in forma pauperis*, plaintiff states that she is currently self-employed and that she earned income in the amount of $9,950 in 2010. (Pl.'s App. at 2.) She further states that as of September 6, 2001, her checking accounts contained $2,560.27 ($2,339.04 + $221.23) and her savings accounts contained $8,283.13 ($8,124.09 + $159.04). (*Id.*) The bank statement plaintiff attaches reflects a higher balance, showing that as of July 6, 2011, her checking account contained $7,507.43 ($7,286.20 + $221.23). (*See id.* at 11.)

The court finds that plaintiff's financial declaration does not support a showing of indigency. Accordingly, the court denies plaintiff's application to proceed *in forma pauperis*.

## II. Deficiencies in the Complaint

### A. Rooker-Feldman Doctrine

Plaintiff is further advised that the allegations in her complaint are barred by the *Rooker-Feldman* doctrine and by

judicial, quasi-judicial and sovereign immunity.  Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," are barred in federal courts, which lack subject-matter jurisdiction over such actions.  *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of an injury caused by the state court order; (3) plaintiff seeks a federal court's review of the state court's process and rejection of the state court's determinations; and (4) the state court determinations in question were rendered before the federal action was commenced. 422 F.3d 77, 85 (2d Cir. 2005).  Plaintiff's complaint is subject to dismissal because each of the *Hoblock* requirements are met.  Because the district court lacks subject matter jurisdiction over this action which, in essence, appeals from a state court judgment, the action must be dismissed.  *See id.* at 86.

## B. Immunity Defenses

The complaint is also dismissible because each of the named defendants are immune from suit. First, because the claims against Judge Steinhardt and the Administrative Judge of the Supreme Court of Kings County are based solely on judicial acts performed in their judicial capacity, the claims against them are barred by the doctrine of judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).

Second, the claims against the Kings County Supreme Court of the State of New York and its Clerk's Office are barred by Eleventh Amendment sovereign immunity because both are considered arms of the State of New York. *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (New York State Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment sovereign immunity).

Furthermore, clerks of court and law secretaries--such as Fitzsimmons and Glaser, defendants named in the present suit --are immune from claims arising from their failure to properly manage the court calendar. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (finding "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is therefore "a function for which judges and their supporting staff are afforded absolute immunity").

Finally, the claim against McLoughlin is dismissible because a court reporter enjoys qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983). Accordingly, even if plaintiff pays the filing fee, the action will be dismissed.

**CONCLUSION**

The court denies plaintiff's application to proceed *in forma pauperis* because it finds that plaintiff's financial declaration does not support a showing of indigency. Therefore, if plaintiff wishes to proceed with this action, she must pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Memorandum and Order. If plaintiff fails to submit the filing fee within the time allowed, the complaint will not be filed and no action will proceed.

Even if plaintiff pays the filing fee of $350 within the allotted time to file a complaint and commence an action, however, plaintiff is on notice that the action will be dismissed for the reasons set forth in Section II, *supra*.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully directed to serve a copy of this Memorandum and Order on plaintiff and note service in the docket.

SO ORDERED.

/S/
_____
Kiyo A. Matsumoto
United States District Judge

Dated:   Brooklyn, New York
         November 17, 2011