```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

---------------------------------------X

NELLA MANKO,

        Plaintiff,                          **MEMORANDUM AND ORDER**

    -against-                         11-CV-5103(KAM)(LB)

MARSHA L. STEINHARDT, individually and in her official capacity as Judge of the Supreme Court of Kings County; FITZSIMMONS, individually and in his official capacity as Clerk of the Supreme Court of Kings County; WARREN GLASER, individually and in his official capacity as a Law Secretary of the Supreme Court of Kings County; EILEEN MCLOUGHLIN, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County; KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK; ADMINISTRATIVE JUDGE, individually and in her/his official capacity as Administrative Justice of the Supreme Court of Kings County; and KINGS COUNTY CLERK'S OFFICE,

        Defendants.

---------------------------------------X

**MATSUMOTO, United States District Judge**:

    *Pro se* plaintiff Nella Manko brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated her constitutional rights during the course of her state court medical malpractice action, Kings County Supreme Court Index Number 30972/2004 (the "State Court Action"). Plaintiff seeks

1

an injunction ordering Judge Steinhardt's recusal in the State Court Action; reversal, annulment and vacatur of the state court's orders in the State Court Action; and compensatory and punitive damages.  (*See* ECF No. 1, Complaint ("Compl.") ¶¶ 49-53.)

By Memorandum and Order dated November 17, 2011, this court denied plaintiff's request to proceed *in forma pauperis* because plaintiff's financial declaration did not support a showing of indigency.  (*See* ECF No. 3, Memorandum and Order dated 11/17/2011, at 2-3.)  The court directed plaintiff to pay the statutory filing fee if she wished to proceed with this action and further informed plaintiff that, even if she paid the fee, the action would be dismissed.  (*See id*. at 3-6.)  On December 1, 2011, plaintiff paid the required filing fee to commence this action.  On December 23, 2011, plaintiff moved for an order directing the United States Marshals Service to serve the summons and complaint upon defendants (*see* ECF No. 6), and on January 23, 2012, plaintiff moved for an "emergency order to show cause for the United States Marshals Service to effect service of process."

For the reasons stated in the court's November 17, 2011 Memorandum and Order, which are also set forth below, the action is dismissed for lack of subject-matter jurisdiction and

2

plaintiff's motions for orders directing the United States Marshals Service to effect service are denied as moot.

**STANDARD OF REVIEW**

In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiff must, however, establish that the court has subject-matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject-matter jurisdiction). "[S]ubject-matter jurisdiction . . . can never be forfeited or waived" because it involves the court's power to hear a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Notably, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Consequently, "[w]here jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## **DISCUSSION**

As discussed in the court's Memorandum and Order dated November 17, 2011, the claims in plaintiff's complaint are barred by the *Rooker-Feldman* doctrine and by judicial, quasi-judicial and Eleventh Amendment immunity.

**A. Rooker-Feldman Doctrine**

This action is barred by the doctrine of *Rooker-Feldman*. Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of the injury caused by the state court order; (3) plaintiff wants this court to review the state court's process and rejection of the determinations, and (4) the state court determinations in question were rendered before this action was commenced. 422 F.3d 77, 83 (2d Cir. 2005). Each of

the *Hoblock* requirements are met in the instant case which, in essence, asks for relief from a state court order against the plaintiff. Therefore, because the district court lacks subject-matter jurisdiction over this action, the court dismisses the complaint pursuant to Fed. R. Civ. P. 12(h)(3). *See id.* at 86.

**B. Immunity**

Notably, even if the court had subject-matter jurisdiction over this action, the action would be dismissed because each of the named defendants are immune from suit. First, because the claims against Judge Steinhardt and the Administrative Judge of the Supreme Court of Kings County are based solely on judicial acts performed in their judicial capacity, the claims against them are barred by the doctrine of judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).

Second, the claims against the Kings County Supreme Court of the State of New York and its Clerk's office are barred by Eleventh Amendment immunity because both are considered arms of the State of New York. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (New York state Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment sovereign immunity).

Furthermore, clerks of court and law secretaries, specifically, defendants Fitzsimmons and Glaser, are immune from

claims arising from their alleged failure to properly manage the court calendar. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (finding "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is therefore "a function for which judges and their supporting staff are afforded absolute immunity."); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (law secretaries to state court judges benefit from quasi-judicial immunity). Finally, McLoughlin, a court reporter, enjoys qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983).

## **CONCLUSION**

For the foregoing reasons, as the court previously advised plaintiff in its November 17, 2011 order, the court dismisses plaintiff's complaint and denies as moot plaintiff's motions for orders directing the United States Marshals Service to serve the summons and complaint upon defendants. Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Any appeal must be filed within 30 days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service in the docket by January 26, 2012, dismiss this action and close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         January 24, 2012

                                        _____/s/_____
                                        KIYO A. MATSUMOTO
                                        United States District Judge