UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

NELLA MANKO,

        Plaintiff,

  -against-

MARSHA L. STEINHARDT, et al.,

        Defendants.

---------------------------------X

**MEMORANDUM AND ORDER**
11-CV-5103 (KAM)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2012 ★
DOCKET & FILE
BROOKLYN OFFICE

**MATSUMOTO, United States District Judge:**

## BACKGROUND

On October 17, 2011, *pro se* plaintiff Nella Manko filed this action.[1] By Memorandum and Order dated November 17, 2011, plaintiff's request to proceed *in forma pauperis* was denied, and she was directed to pay the filing fee. (*See generally* ECF No. 3, Order dated 11/17/2011.) Plaintiff was also informed that, even if she paid the filing fee, the action would be dismissed. (*Id.*) On December 1, 2011, plaintiff paid the filing fee (*see* ECF No. 4), and by Memorandum and Order dated January 24, 2012, the action was dismissed because the allegations in plaintiff's complaint are barred by the *Rooker-*

---

[1] Plaintiff has filed three other actions in this court seeking similar relief against similar parties, arising out of a state-court action. *See Manko v. Finkelstein*, No. 11-CV-5054 (E.D.N.Y. filed Oct. 14, 2011, dismissed and closed for failure to pay the filing fee Feb. 10, 2012); *Manko v. Steinhardt*, No. 11-CV-5430 (E.D.N.Y. filed Oct. 31, 2011, dismissed Jan. 24, 2012); *Manko v. Steinhardt*, No. 12-CV-1472 (E.D.N.Y. filed Mar. 21, 2012, dismissed Apr. 20, 2012).

1

Feldman doctrine[2] and by judicial, quasi-judicial and sovereign immunity. (*See* ECF No. 8, Order dated 1/24/2012.) The Clerk of the Court entered judgment on January 27, 2012. (*See* ECF No. 12, Clerk's Judgment.) On February 24, 2012, plaintiff filed a notice of appeal. (*See* ECF No. 20.)

Presently before the court is plaintiff's most recent filing, a "Motion to Vacate Judgment and for Permission to Sue and to Restore the Action," which plaintiff filed on April 19, 2012. (*See* ECF No. 23, Plaintiff's Motion for Reconsideration ("Pl.'s Mem.").) Plaintiff's motion, which the court construes as a motion for reconsideration, is denied.

## **DISCUSSION**

In the instant motion, plaintiff seeks (1) leave to file documentary evidence; (2) "an order to recall and vacate" the court's January 24, 2012 order of dismissal and judgment in this action; and (3) "permission to sue" and "to restore the action." (*See generally* Pl.'s Mem.) Because the court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the court construes

---

[2] Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

2

plaintiff's most recent submission as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and Local Civil Rule 6.3.

Rule 60(b) provides, in relevant part, that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

As an initial matter, the court notes that by filing a notice of appeal on February 24, 2012, plaintiff divested this court of the ability to *grant* her Rule 60(b) motion without first obtaining permission from the United States Court of Appeals for the Second Circuit. *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *Hill v. West*, No. 04-CV-6601, 2009 U.S. Dist. LEXIS 9870, at *7 (W.D.N.Y. Oct. 23, 2009). "[B]efore the district court may grant a [R]ule 60(b) motion,

[the Second Circuit Court of Appeals] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Toliver*, 957 F.2d at 49.

A district court may, however, entertain and *deny* a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals. *Id.* (citing *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)); *Selletti v. Carey*, 173 F.3d 104, 108-109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny* the motion during the pendency of an appeal."). Here, the court entertains and denies the motion for the reasons set forth below.

First, plaintiff's motion is untimely. Local Civil Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Local Civ. R. 6.3. Because the Clerk of the Court entered judgment on January 27, 2012, the deadline for any motion for reconsideration was February 10, 2012. Plaintiff filed her motion for reconsideration on April 19, 2012, almost three months after judgment was entered.

Second, even if plaintiff had timely filed her motion for reconsideration, the court would nevertheless deny the motion as meritless. A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of *exceptional circumstances*." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), *aff'd*, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 57 (2d Cir. 1995).

On January 24, 2012, the court dismissed plaintiff's action for lack of subject-matter jurisdiction and because plaintiff sought monetary relief against defendants who are immune from such relief. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). In the instant motion, plaintiff does not point to any controlling decisions or data that would alter the court's prior decision to dismiss her complaint; plaintiff merely requests another opportunity to litigate the matter already decided by this court, and attaches documents from her state-court litigation. Accordingly, because the court finds

that plaintiff has failed to demonstrate the existence of "exceptional circumstances" warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the court's January 24, 2012 Memorandum and Order, the court denies plaintiff's motion for reconsideration.

In addition, plaintiff is again reminded that her repetitious filings will not be tolerated by the court and a filing injunction may enter should she persist. *See Manko v. Steinhardt*, 12-CV-1472 (KAM), Order dated April 19, 2012, at 3, 6-7 (setting forth plaintiff's litigation history and giving notice that notifies plaintiff that similar future filings will likely subject her to a filing injunction). Because plaintiff filed this motion to reconsider on the same day that the court entered the Memorandum and Order in the subsequent action, *Manko v. Steinhardt*, 12-CV-1472, the court reiterates the warning, but does not here enjoin plaintiff's filings.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service in the docket.

SO ORDERED.

Dated:   Brooklyn, New York
         May 15, 2012

                                         /S/
                                    _____
                                    KIYO A. MATSUMOTO
                                    United States District Judge